Matthews v. Robinson.

MATTHEWS vs. ROBINSON.

[BILL IN EQUITY TO ENJOIN GARNISHMENT PROCEEDINGS.]

1. *What defenses garnishee may make.*—An agreement beeween the attaching creditor and the garnishee, by which the former undertook, for valuable consideration, to pay the debt due from the garnishee to the defendant in attachment, is not available to the garnishee as a defense in the garnishment suit.

2. *When garnishee may enjoin proceedings.*—A garnishee may come into equity, to enjoin proceedings against him by a non-resident plaintiff, on proof of an agreement between him and the plaintiff, founded on valuable consideration, by which the latter undertook to pay the debt due from the garnishee to the defendant.

APPEAL from the Chancery Court of Wilcox.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by Benjamin W. Matthews, against James Robinson, and alleged the following facts: On the 15th March, 1849, complainant sold and delivered to defendant a slave, in consideration that defendant would pay all the debts then owing by complainant. The exact amount of these debts was not then known to either party, but among them was a decree of the orphans' court of Wilcox, in favor of one Commander, which was particularly mentioned. This contract was made at the instance of the defendant, and the negro was delivered to him in pursuance to its terms, and a bill of sale executed to him. The defendant kept the negro until some time in 1854, and then sold him for $1,600. "Shortly afterwards, the said defendant obtained the control and possession of certain demands against said Commander, to whom complainant was indebted, as aforesaid, by decrees rendered in the orphans' court of Wilcox, to-wit, in 1847 or 1848, for $308, the whole amount of which was unpaid at the date of said contract, except $111 45, paid by complainant to one George Teat, who had obtained a judgment against complainant, as the administrator of said Commander, in the circuit court of Wilcox county, on the 29th May, 1848, as a garnishee debtor of said Commander; from which said demands attachments from a justice's court had issued against said Commander, as a resident debtor; in which said attachment suits said Robinson caused complainant to be summoned by garnishment, as the debtor of said Commander, upon the understanding and agreement between them, (to-wit, between said Robinson and complainant,) before judgment was rendered against complainant as garnishee, that complainant should allow judgments to be rendered against him, so that Robinson might not be compelled to pay the entire decree which Commander had previously obtained against complainant, but might retain a part of the amount in his own hands; and complainant accordingly answered, admitting an indebtedness, and judg-

ments were thereupon rendered against him in the several cases."

In violation of this contract and understanding, Robinson immediately sued out executions on these judgment, and had them levied on the complainant's property. The complainant endeavored, both in the justice's court, and afterwards in the circuit court, to have these executions superseded, and satisfaction of the judgments entered, on the ground of payment; but, in consequence of opposition from Robinson, failed before both tribunals. He then removed the cases, by *certiorari*, into the circuit court, and there filed new answers, setting up the contract and understanding above detailed. The answers were contested by Robinson, and issues were thereupon made up between them, which stood for trial at the approaching term of the circuit court when the bill was filed.

In addition to the demands above mentioned, upon which judgments were obtained against complainant as garnishee, Robinson purchased another claim against Commander, in favor of one Henry Waite, as surviving partner of Waite & McReynolds; sued out an attachment thereon, on the 25th September, 1852, returnable to the then next term of the circuit court of Wilcox; and summoned the complainant, by process of garnishment, as the debtor of Commander. The complainant appeared, and filed an answer, in which he stated all the facts above set out. This answer also was contested by Robinson, and an issue being thereupon made between them, the cause stood for trial at the next term of the circiut court after the filing of the bill. Robinson was a non-resident, and supposed to reside in Texas.

The prayer of the bill was, "that said agreement between complainant and said Robinson, in relation to the purchase and sale of said slave, may be carried out in good faith by the said Robinson, according to its true intent and spirit; that complainant may be reimbursed the moneys expended by him in the defense of said garnishment proceedings; that said Robinson and all others may be enjoined from further prosecuting said suits

against him;" and the prayer for general relief was added.

The chancellor dismissed the bill for want of equity, "because it appears that the matter complained of is in litigation in another court, which has jurisdiction to afford as plain, adequate and complete a remedy as the chancery court could give;" and his decree is now assigned as error.

D. W. BAINE, with whom were J. J. ROACH, F. K. BECK, and JOHN COCHRAN, for the appellant.—The only question in the cause is, whether the garnishee may set up against the attaching creditor, in the garnishment proceeding, a set-off or defense peculiar to the attaching creditor, and with which the defendant in attachment has no privity. It is evident that Robinson, the attaching creditor, succeeds in the garnishment suit to all the rights which Commander, the defendant in attachment, has against Matthews, the garnishee.—McGehee v. Walke, 15 Ala. 183; Harrell v. Whitman, 19 Ala. 135; Wyatt v. Lockhart, 9 Ala. 91. It is equally evident that, if Commander had been suing Matthews, Robinson's promise to pay the debt would have been no defense, because Commander was no party to the contract; he would have had the right to proceed to judgment, entirely unaffected by the agreement. In the garnishment suit, Robinson is proceeding against the garnishee, not in his own right, but in right of Commander; consequently, he can recover a judgment wherever Commander could, unaffected by a defense personal to himself.

2. A garnishment is a special, statutory proceeding, unknown to the common law, and must be prosecuted in the mode pointed out by the statute. The Code (§ 2541) provides, that if the garnishee admit an indebtedness to the defendant, "judgment thereon must be rendered against him." In this case, the garnishee was compelled to admit an indebtedness to the defendant. When he did that, the court could act in but one way—that is, by rendering judgment against him. The statute makes no provision for the trial of a set-off or defense against the

plaintiff. No power is given to make up such an issue, or to empannel a jury to try it. The single purpose of the statute is, to subject the debts of the defendant in attachment, to satisfy the claim of the attaching creditor; and when this is done, its force is exhausted. It is not adapted to the trial of equities, or matters of defense and set-off, between the plaintiff and the garnishee alone. A garnishment is not in the nature of an equitable proceeding, but is a legal remedy.—Representatives of Thomas v. Hopper, 5 Ala. 442.

3. The judgment against the garnishee is his protection against the defendant. So long as that judgment depends on the question of indebtedness to the defendant *vel non*, it becomes conclusive of the amount of the garnishee's indebtedness to the defendant, from which he is discharged. If the question were complicated by side issues between the plaintiff and the garnishee, it would be difficult to show, without parol evidence, the amount which the garnishee discharged of his debt to the defendant. No arrangement, or compromise, between the plaintiff in attachment and the garnishee, can discharge the latter from his original debt. Nothing but a judgment for the amount of his debt, with full satisfaction, can discharge him.—Brown v. Somerville, 8 Md. 444.

4. Again, if the garnishee held a set-off against the plaintiff, greater than the amount of the plaintiff's debt, he would be entitled to a judgment for this balance, with costs. This would be wrong, because the plaintiff does not, by suing out the garnishment, invite a trial of equities, or a comparison of claims, between him and the garnishee, as in an ordinary suit: he simply seeks, by a legal remedy, to reach the debts of the defendant.

5. The right of set-off is purely a statutory right. Before the statute was adopted, a court of equity alone had jurisdiction of a set-off. The statute does not apply to proceedings purely statutory, but only to suits between parties at common law.—White v. Governor, 18 Ala. 768.

6. The right of set-off exists, at law, where the debts between the parties are mutual. In this case, there was no mutuality in the debts: the garnishee owed, not the

plaintiff, but the defendant in attachment; while the plaintiff, not the defendant, owed him.

7. The above argument is an answer to the position, that the garnishee had a remedy against the plaintiff for the breach of contract, which, under the Code, he might set off in the garnishment suit. But it may be said, that the plaintiff's agreement to pay this debt would operate as a payment of it when he subjected it to his demand. Conceding, for the sake of argument, that if a party promises the maker of a note to pay it, and afterwards acquires the note, it will be treated as paid; still the case at bar cannot be brought within the principle. The rule only applies, in any case, on the ground that, the party having promised to pay the note, his subsequent purchase of it is presumed to be under his promise to pay it, and is therefore treated as a payment. But this presumption may be rebutted. If the party, after making such promise, should repudiate it, and purchase the note with the avowed purpose of collecting it from the maker, no such presumption would arise. In such a case, the maker could only rely on his cause of action for a breach of the agreement: there would be no payment. Again, it could not be contended that the debt would be treated as paid, until it was acquired by the party promising to pay it. In this case, the plaintiff does not acquire the debt, or obtain the control over it, until he obtains a judgment against the garnishee; and the garnishee does not become discharged from his debt, until he pays the judgment. If the defense of the garnishee is to profit him anything at law, he must make it before judgment against him; and yet it is not until after judgment against him that his defense accrues, because the plaintiff does not until then acquire the debt, and there can be no payment until he acquires it. Again, the same objection arises to setting up the payment to the plaintiff as would arise in a case of set-off; the garnishment proceeding is not adapted to the trial of such a question.

8. The garnishee, then, has a defense and set-off against the plaintiff, which he cannot make available in the pend-

ing proceeding at law. That defense and set-off are grounded on the plaintiff's agreement to pay the very debt which he is trying to enforce against the garnishee in the pending proceeding at law, and which he will enforce in that proceeding unless prevented by the interposition of the court of chancery; and Robinson, who, in violation of his agreement, is attempting to perpetrate this injustice upon the garnishee through the instrumentality of the garnishment proceeding, is a non-resident. In such a case, there can be no doubt of the jurisdiction of the chancery court to interfere for the protection and relief of the garnishee.—French v. Garner, 7 Porter, 554; Graves v. White & Hull, 27 Miss. 423.

WATTS, JUDGE & JACKSON, *contra.*—If the facts stated in the bill are not true, the garnishee is not entitled to relief in any court. If they are true, he can obtain full relief on the trial of the pending garnishment proceedings, or, at any rate, in an action at law for damages on account of the breach of contract. The bill does not aver that Robinson is insolvent, or unable to respond in damages; nor does it show any other special circumstances to give a court of equity jurisdiction.

RICE, C. J.—The chancellor supposed that the complainant showed in his bill that he had "as plain, adequate, and complete remedy" at law as in chancery; and upon that supposition, the chancellor dismissed the bill for want of equity; or, in other words, for matter apparent on the face of the bill.

The bill makes a clear case for the complainant. This is so fully established by the argument of the counsel for the complainant filed in this court, as to render it unnecessary for us to do more than refer to that argument.

The decree of the chanceller is reversed, and the cause remanded. The appellee must pay the costs of the appeal.